**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charles Court Construction, Inc., an Arizona corporation,<br><br>        Plaintiff,<br><br>vs.<br><br>Geri Scott and Charles Thomas Scott, husband and wife,<br><br>        Defendants. | No. CV-10-00525-PHX-NVW<br><br>**ORDER** |

On June 18, 2010, the Court ordered Defendants to show cause why this action should not be remanded for lack of removal jurisdiction (Doc. 21). As Defendants have not successfully demonstrated the existence of removal jurisdiction, the case will be remanded.

**I.     Legal Standard**

Federal courts may exercise removal jurisdiction over a case only if subject matter jurisdiction existed over the action as originally brought by the plaintiff. 28 U.S.C. § 1441(a); *Toumajian v. Frailey*, 135 F.3d 648, 653 (9th Cir. 1998). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction over a case removed from state court, the case must be remanded. 28 U.S.C. § 1447(c). There is a strong presumption against removal jurisdiction. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Therefore, the removing party bears the burden of establishing

subject matter jurisdiction as a basis for removal. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). All ambiguities are resolved in favor of remand. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

In order to establish federal subject matter jurisdiction, the removing party must demonstrate that either diversity or federal question jurisdiction existed at the time of removal. *Id.* (citing 28 U.S.C. § 1441). District courts have diversity jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Diversity of citizenship exists only where there is complete diversity, that is, "where the citizenship of each plaintiff is different from that of each defendant." *Hunter*, 582 F.3d at 1043. Furthermore, if the only basis for removal is diversity jurisdiction, the action is removable only if none of the defendants is a citizen of the state in which the action was brought. 28 U.S.C. § 1441(b).

In addition to diversity of citizenship, the amount in controversy must exceed $75,000 for diversity jurisdiction to exist. In the removal context, the inquiry into the amount in controversy is not confined to the face of the complaint. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). The Court may also consider facts presented in the removal petition and "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Id.* If the amount in controversy is not facially evident from the complaint, the removing party must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). "Conclusory allegations as to the amount in controversy are insufficient." *Matheson*, 319 F.3d at 1090-91.

**III. Analysis**

Here Defendants have removed solely on the basis of diversity jurisdiction. Diversity of citizenship is satisfied because, as indicated in both the Notice of Removal (Doc. 1) and the Complaint (Doc. 1-1), Plaintiff is a citizen of Arizona and Defendants

are citizens of Texas. The amount-in-controversy requirement, however, has not been met. The amount sought by Plaintiff is not apparent from the face of the Complaint, which alleges that Plaintiff "had to pay a significant amount in interest and penalties to the Internal Revenue Service" because Defendant Geri Scott allegedly redesignated approximately $700,000 from accounts receivable to undeposited funds. Rather than stating the actual amount Plaintiff had to pay in interest and penalties, the Complaint merely seeks damages "in an amount to be proven at trial." Therefore, Defendants must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold.

The only evidence submitted by Defendants is an estimate from Mr. Gary Leonard Woodard, II, J.D., C.P.A., that Defendant Geri Scott's redesignation of approximately $700,000 from accounts receivable to undeposited funds "would constitute a clear case of tax fraud" that would subject Plaintiff to a penalty in the approximate amount of $178,500. Mr. Woodard, II, further estimates that in addition, Plaintiff will likely incur more than $30,000 in attorneys' and accountants' fees throughout this litigation. These estimates are insufficient to demonstrate, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.

First, the amount in controversy is determined as of the date of removal. *See Valdez*, 372 F.3d at 1117 (court may consider summary-judgment-type evidence relevant to the amount in controversy "at the time of removal"). That Plaintiff *may* be liable for tax fraud does not mean that the IRS actually found Plaintiff liable or that Plaintiff has already paid anything remotely close to $178,500 in interest and penalties. The estimate is no more than a mere possibility at this stage. The same goes for the estimate of future attorneys' fees, which are entirely speculative, may be avoided, and are therefore not "in controversy" at the time of removal. Even if attorneys' fees incurred after the date of removal are properly included in the amount in controversy, Defendants have presented no evidence of Plaintiff's counsel's hourly rates or the tasks that will more likely than not be performed throughout the litigation. Therefore, this case must be remanded.

1       IT IS THEREFORE ORDERED that the Clerk remand this case to the Arizona Superior Court, Maricopa County.

DATED this 23rd day of August, 2010.

_____
Neil V. Wake
United States District Judge